UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| COLUMBIA GAS TRAMSMISSION, LLC | ) ) | |
| | ) | No. 7:18-CV-40-REW-HAI |
| Plaintiff, | ) ) | |
| v. | ) ) | OPINION AND ORDER |
| NATHAN LOCKARD, et al., | ) ) | |
| Defendants. | ) | |

*** *** *** ***

Having received this case by transfer on July 22, 2019, the undersigned has carefully reviewed case status and all filings. The pending motions are: (1) a motion to dismiss Defendants' counterclaim (DE #15); (2) a motion to dismiss (or for summary judgment on) Defendants' Third-Party Complaint (DE #37); and (3) Plaintiff's motion to amend and join (DE #42).

The case concerns two right-of-way agreements (governing a natural gas pipeline—PM-17) between predecessors of the Lockards and of Columbia Gas. PM-17, per the agreements, runs across the Lockards' land. Columbia accuses the Lockards of excavating in a way that damaged or imperiled PM-17, in violation of the agreements; the owners deny any such wrongs. The Lockards made a cursory counterclaim and also joined Pike County (to blame County road work for any alleged harm to PM-17). Of late, another interested claimant relative to the realty (Elk Horn Coal) has surfaced, complicating Columbia's repair plans.

First, the Court **GRANTS** the motion to amend (DE #42). Elk Horn's potential interest in or rights concerning the land allegedly subject to the easement obviously impacts resolution of the case, legally and practically, and the parties and Court must fairly and efficiently account for it.

1

The case has no extant schedule, Columbia's concerns about complete, economical relief are valid, and, per Rule 15(a), the Court is to freely grant leave to amend when, as here, justice requires. Joinder under Rule 20(a)(2) is appropriate in this scenario, particularly given the pre-claim, pre-repair correspondence between Columbia and Elk Horn. *See* DE ##42-4 and 42-5. The Court can take proper measures in discovery to protect the Lockards against undue litigation burden. Thus, Columbia may amend as sought.

Second, the Court **GRANTS** the motion to dismiss the Lockards' counterclaim (DE #15). In its current form, the Court finds the pleading (DE #13 at 18) insufficient under Rule 12 and the applicable standards.[1] Here, the entire counterclaim is one paragraph that cites a conclusory right to a (theoretical?) damage recovery. The pleading does not actually assert any loss under the pleaded theory. Indeed, the answer itself denied that repair to PM-17 has occurred on the land, *see* ¶ 34, which is directly counter to the repair damage counterclaim. Without an allegation of facts

---

[1] Rule 12(b)(6) survival "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Rule 8 sets a relatively low bar for pleading adequacy but "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Although the Court views well-pleaded facts in the light most favorable to the nonmovant, accepting reasonable resulting inferences as true, *see Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018) (citation omitted), the Court is not required to accept "a legal conclusion couched as a factual allegation[.]" *Twombly*, 127 S. Ct. at 1965. Unadorned, naked assertions warrant no presumption of truth and are not well-pleaded facts. *Iqbal*, 129 S. Ct. at 1949. Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). The facts alleged must "raise a right to relief above the speculative level[,]" *id.*, and "state a claim that is plausible on its face, *i.e.*, the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Nwanguma*, 903 F.3d at 607 (quoting *Iqbal*, 129 S. Ct. at 1949 (citation omitted)). "Plausibility is a context-specific inquiry," *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), "requiring the reviewing court to draw on its experience and common sense[,]" *Iqbal*, 129 S. Ct. at 1950. In deciding a dismissal motion attacking pleading adequacy, courts must assess "the facial sufficiency of the complaint" largely "without resort to matters outside the pleadings[.]" *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted).

plausibly indicating a relief right, the Court must dismiss. However, given the amendment here allowed, the Lockards may answer the Amended Complaint and re-plead if the facts, to include intervening events, plausibly warrant counterclaim assertion.

Finally, the Court **GRANTS** Pike County's motion (DE #37). The County enjoys immunity, as its motion claims. The Court applies Kentucky governmental immunity law. *See Smith v. Cnty. of Lenawee*, 600 F.3d 686, 690 (6th Cir. 2010); *accord Ivey v. McCreary Cty. Fiscal Court*, 939 F. Supp. 2d 762, 765 (E.D. Ky. 2013). Kentucky counties and county governments are "cloaked with sovereign immunity." *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003) (citation omitted). Pike County thus "enjoy[s] the benefits and protection of governmental immunity except where it has been explicitly waived by the [Kentucky] legislature." *Shepherd v. Floyd Cty., Kentucky*, 128 F. Supp. 3d 976, 978 (E.D. Ky. 2015) (quoting *Furtula v. Univ. of Ky.*, 438 S.W.3d 303, 305 & n. 1 (Ky. 2014)); *see also Doe v. Patton*, 381 F.Supp.2d 595, 602 (E.D. Ky. 2005) ("County governments in Kentucky are cloaked in sovereign immunity, unless such immunity is expressly waived."); *accord Smith v. Peyman*, 93 F. Supp. 3d 738, 752 (E.D. Ky. 2015). No party suggests waiver here. Indeed, the Lockards do not contest immunity. Pike County is not subject to suit, and the Court dismisses the County as a party.[2]

In summary, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE #15, DE #37, and DE #42;
2. The Clerk **SHALL** file the tendered Amended Complaint (DE #42-1) and issue process to the joined Defendant, with service to be effected by Columbia; and

---

[2] This is without prejudice to any later determination that the initial joinder of Pike County may impact an apportionment instruction, if applicable.

3. When Elk Horn appears, and based on the dynamics and posture of the case, the Court **REFERS** this matter to Judge Ingram for a prompt status conference (to be held when and on the terms he directs) to discuss the case, explore efficiencies, and address the potential for a resolution by agreement.

This the 23rd day of July, 2019.

Signed By:
*Robert E. Wier*
United States District Judge